UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH DAVENPORT                          CIVIL ACTION

VERSUS                                    NUMBER 07-928-RET-SCR

HAMILTON, BROWN, & BABST,
L.L.C., ET AL.

                        consolidated with

PATRICK J. CUNNINGHAM, ET AL.             CIVIL ACTION

VERSUS                                    NUMBER 08-52-RET-SCR

INTERNATIONAL BUSINESS MACHINES,
ET AL.


**This Magistrate Judge's Report applies to CV 08-52-RET-SCR**


<u>**NOTICE**</u>


    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 9, 2008.

                                       /s/ Stephen C. Riedlinger
                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

```
                    UNITED STATES DISTRICT COURT

                     MIDDLE DISTRICT OF LOUISIANA


JOSEPH DAVENPORT
                                          CIVIL ACTION
VERSUS
                                          NUMBER 07-928-RET-SCR
HAMILTON, BROWN, & BABST,
L.L.C., ET AL.

                         consolidated with

PATRICK J. CUNNINGHAM, ET AL.             CIVIL ACTION

VERSUS                                    NUMBER 08-52-RET-SCR

INTERNATIONAL BUSINESS MACHINES,
ET AL.
```

**This Magistrate Judge's Report applies to CV 08-52-RET-SCR**

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by Hamilton, Brown, & Babst, L.L.C., Lowe, Stein, Hoffman, Allweis, & Hauver, Lamothe & Hamilton, P.L.C., and Roedel, Parsons, Koch, Blache, Balhoff & McCollister, who are the plaintiffs-in-intervention in CV 08-52-RET-SCR.[1] Record document number 6.[2] The motion is opposed.[3]

---

[1] Plaintiffs-in-intervention in CV 08-52 are the defendants in CV 07-928. Roedel, Parsons, Koch, Blache, Balhoff & McCollister was dismissed without prejudice from the *Davenport* action on April 14, 2007. Record document number 34.

[2] Unless noted otherwise, the documents cited in this report are filed in the lead case, CV 07-928.

[3] Record document number 10 in CV 08-52. Plaintiffs-in-intervention filed a reply memorandum. Record document number 25. A sur-reply was also filed. Record document number 29.

**Background**

The *Cunningham* case began as a state court class action filed on October 17, 1995.[4] A class action settlement was eventually approved and the state court issued a final order and judgment on October 1, 2007. The judgment included an award of attorneys' fees to Class Counsel in the amount of $9,700,000.00 to be paid by the defendant.[5] Because the attorneys could not agree on the distribution of the attorneys' fees, the law firms of Hamilton, Brown, & Babst, L.L.C., Lowe, Stein, Hoffman & Allweis, LLP,[6] Lamothe & Hamilton, PLC, and Roedel, Parsons, Koch, Blache, Balhoff & McCollister, (hereafter, plaintiffs-in-intervention) filed a Petition of Intervention in the *Cunningham* state court case on November 19, 2007. Named as defendants were the Georgia law firm Hull, Towill, Norman, Barrett & Salley, PC, and two of its attorneys, David Hudson and Joseph Davenport (hereafter, defendants-in-intervention).[7] Plaintiffs-in-intervention sought an allocation by the state court of the attorneys' fees awarded in the

---

[4] Record document number 6, supporting memorandum, exhibit 1. The main action is a class action against defendant IBM based on failing to pay benefits promised to its employees (the plaintiffs) in exchange for early retirement.

[5] *Id.*, exhibit 4.

[6] This law firm is now Lowe, Stein, Hoffman, Allweis, & Hauver.

[7] *Id.,* exhibit 6.

judgment.[8]

After the Petition of Intervention was filed, the defendants-in-intervention removed the case to this court on January 25, 2008. Defendants-in-intervention asserted jurisdiction under 28 U.S.C. § 1332(a) and alleged the complete diversity of the parties and the requisite jurisdictional amount.[9]

Plaintiffs-in-intervention moved to remand on the ground that the removal was untimely.  Plaintiffs-in-intervention noted that the state court action was commenced on October 17, 1995. Plaintiffs-in-intervention argued that any additional parties or incidental demands subsequently filed have no affect on jurisdiction because under 28 U.S.C. § 1446(b) "a case may not be removed on the basis of [diversity] jurisdiction [] more than one year after commencement of the action." Plaintiffs-in-intervention argued that their Petition of Intervention was properly filed in the state court action and is not a new suit filed against the defendants-in-intervention. Plaintiffs-in-intervention also noted that removal could result in potential jurisdictional conflicts between the state court and this court because the state court retains authority over its order concerning the settlement

---

[8] For the purposes of this report and recommendation, the terms "allocate" or "allocation," "divide" or "division," "apportion," "share," "split," and other similar ways to describe how attorney's fees are "distributed" between or among those claiming them, all mean the same thing.

[9] Record document number 1, Notice of Removal, ¶¶ 7-11.

3

agreement and the judgment awarding attorneys' fees.

Defendants-in-intervention argued that the independent claims filed by parties not named in the original state court action against other new parties are removable as a separate civil action. Defendants-in-intervention asserted that the Petition of Intervention is not proper because an attorney may not intervene in an existing case to litigate a fee dispute with other counsel over fees generated in the underlying litigation. Defendants-in-intervention also argued that removal of the intervention was proper for the same reasons that garnishment proceedings between diverse parties filed in a state court action are removable.

## **Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Under § 1446(b) a case which was not originally removable but becomes removable at a later time cannot be removed more than one year after the suit was commenced. This time limitation prevents the removal of cases where substantial progress has been made in state court. *New York Life Insurance Co. v. Deshotel*, 142 F.3d

4

873, 885 (5th Cir. 1998). However, a defendant may overcome this limitation by showing that the plaintiff attempted to manipulate the statutory rules for determining federal removal jurisdiction. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).

The Fifth Circuit Court of Appeals has recognized that garnishment actions against third-parties are generally construed as independent suits removable under § 1441. *Butler v. Polk*, 592 F.2d 1293, 1295 (5th Cir. 1979).

Louisiana Code of Civil Procedure Article 1091 reads as follows:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
> (2) Uniting with defendant in resisting the plaintiff's demand; or
> (3) Opposing both plaintiff and defendant.

## **Analysis**

Defendants-in-intervention argued that the Petition of Intervention was not properly joined with the *Cunningham* action under Louisiana Code of Civil Procedure Article 1091. Therefore, defendants-in-intervention argued, the claims of the plaintiffs-in-intervention should be treated as a separate and distinct lawsuit from the main state court action, and thus the one-year time limitation under § 1446(b) is inapplicable. This argument is

5

persuasive.

The Petition of Intervention is improper under Article 1091 because it was brought by non-parties, i.e. the plaintiffs-in-intervention, and seeks relief from non-parties, i.e. the defendants-in-intervention. Plaintiffs-in-intervention sought no relief against the *Cunningham* defendants, they did not oppose any relief sought by the *Cunningham* plaintiffs, nor did they oppose both the *Cunningham* plaintiffs and defendants. Therefore, it is appropriate to treat the Petition of Intervention for what it actually is: a request for the court to decide how much money each law/attorney firm gets. A suit (or petition or complaint) seeking this kind of relief is called suit for declaratory relief or declaratory judgment.

The principal argument of the defendants-in-intervention is that the Petition of Intervention is similar to a garnishment proceeding, which can be removed as a separate lawsuit even though the garnishment is generally filed in the same state court action wherein the judgment sought to be collected was issued.[10]

A similar argument was presented in *Johnson v. Great American Ins. Co.*[11] In *Johnson*, numerous plaintiffs sued numerous defendants

---

[10] Defendants-in-intervention cited *Randolph v. Employers Mutual Liability Insurance Co. of Wisconsin*, 260 F.2d 461 (8th Cir. 1958) and *Stewart v. EGNEP Limited*, 581 F.Supp. 788 (D.C. Ill. 1983) in support of this argument.

[11] 213 F.Supp.2d 657 (S.D. Miss. 2001).

based on alleged exposure to asbestos. Included among the plaintiffs' claims was a claim for declaratory relief against an insurance company defendant seeking to determine the insurer's obligations under a policy issued to another defendant. The insured defendant then brought its own cross-claim seeking essentially the same declaratory relief against the defendant's alleged insurer. Plaintiffs filed a motion to sever the declaratory judgment claims. Before the state court ruled on the motion, the defendant insurer filed a notice of removal pursuant to § 1441, asserting diversity jurisdiction under § 1332. The insurer defendant equated the plaintiffs' claim for a declaratory judgment to a garnishment action and argued that removal was proper under § 1441(a).[12]

The *Johnson* court found that a removable garnishment action was distinguishable from the declaratory judgment claim because a garnishment action exists separate and apart from the primary action which established the debt and is founded on the judgment

---

[12] § 1441(a) provides:
   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

7

creditor's right of action against the garnishee.[13]  The court further noted that "[a] garnishment action, by its nature, cannot be 'joined with' the original action, for a judgment creditor cannot commence a garnishment action until such time as he becomes a judgment creditor, i.e., secures a judgment."[14]  Because of this unique characteristic, a garnishment action may be considered a distinct civil action.  Since the plaintiffs' demand for declaratory judgment against the defendant insurer was intentionally brought within the state tort action, rather than filed as a separate action, the court held that it could not be removed under § 1441(a).

Applying the reasoning from *Johnson* to this case, the Petition for Intervention filed in the state court is comparable to a garnishment action for the purposes of removal.  The lesson taught by *Johnson* is that the court should evaluate both the separate character of the sought-to-be-removed "civil action," as well as the other side of the coin – its connection to the overall litigation.[15]

The dispute to be resolved by the Petition of Intervention is

---

[13] *Id.* at 660.

[14] *Id.* at 660-61.

[15] *See*, *Lewis v. Blackmon*, 864 F.Supp. 1 (S.D. Miss. 1994)(state characterization of a proceeding a factor to be considered, but should not be controlling on the federal court for purpose of determining whether the proceeding is sufficiently independent for purposes of removal).

8

the division of the attorneys' fees among the attorneys making a claim to them. The state court judgment has already fixed the total amount of attorneys' fees. The Petition of Intervention does not seek to increase or reduce the amount of attorneys' fees awarded in the judgment. This dispute is separate and distinct from the issues in the underlying litigation; the outcome of it will not change the plaintiffs' recovery or the defendant's liability.

The concerns of the plaintiffs-in-intervention about potential jurisdictional conflicts are exaggerated.[16] Their hypothetical conflicts assume this court would be involved in resolving the disputes on which the conflicts are based. There is no support for this assumption, because all that was removed were the claims in the Petition of Intervention. When they filed their notice of removal the defendants-in-intervention necessarily had to use the caption of the case in which the Petition of Intervention was filed. Using the same case caption does not compel the conclusion that the entire case was removed.

It is true that neither the plaintiffs-in-intervention nor the defendants-in-intervention are similarly situated to either the typical judgment creditor or judgment debtor, inasmuch as their respective shares of the attorneys' fees have not yet been

---

[16] See record document number 6 in CV 08-52, supporting memorandum, pp. 8-9.

determined by a court judgment. But this difference is outweighed by the separate and distinct character of the claims asserted in the Petition of Intervention. Had the plaintiffs-in-intervention filed a new declaratory judgment action against the defendants-in-intervention to obtain a division of attorneys' fees, it appears that it would have been removable under § 1441(a). Defendants-in-intervention took this very action by filing a complaint, CV 07-928, in this court based on diversity jurisdiction. Their complaint seeks a declaratory judgment to resolve the same dispute that is the subject of the removed Petition of Intervention. That the plaintiffs-in-intervention chose to file in the underlying litigation, albeit improperly in the form of an intervention, what in substance is a declaratory judgment action between non-parties does not change the essential character of their pleading. In these circumstances, the Petition of Intervention is a new and separate civil action, and therefore the one-year time limit for filing a notice of removal under § 1446(b) does not bar the removal.[17]

Plaintiffs-in-intervention argued that the dispute over the division of attorneys' fees ought to be resolved in the state court *Cunningham* case by the same state court judge who approved the

---

[17] There is complete diversity of citizenship between the plaintiffs-in-intervention and the defendants-in-intervention, and the amount in controversy is more than sufficient to satisfy § 1332(a). The parties waived the 30-day removal time limit. Record document number 10 in CV 08-52, opposition memorandum, p. 5, n.3.

class action settlement and awarded the fees, and that the state court judge has the inherent power to divide the fees among counsel.  These are attractive arguments.  Yet, the plaintiffs-in-intervention have not cited a single Louisiana state statute, procedural rule or court decision holding that only the trial court judge has the authority to make a post-judgment division of the attorneys' fees awarded by a judgment in a state court class action.  The federal court cases cited by the plaintiffs-in-intervention do support the conclusion that the trial court has the authority to distribute an attorneys' fee award among the various attorneys making a claim to it.  But those cases do not hold that only the trial court judge can decide how to divide the attorneys' fees.

The important consideration which must be taken into account in this case is that the Congress has granted to out-of-state defendants the right to remove from the state court to the federal court disputes which fall within the subject matter jurisdiction of of the federal courts.  While there are limitations on that right, the defendants-in-intervention have shown that the claims brought against them in the Petition of Intervention were properly removed.

### Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by Hamilton, Brown, & Babst, L.L.C., Lowe, Stein, Hoffman, Allweis, & Hauver, Lamothe & Hamilton, P.L.C., and

11

Roedel, Parsons, Koch, Blache, Balhoff & McCollister, be denied.

Baton Rouge, Louisiana, May 9, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE