UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH W. DAVENPORT, ET AL

VERSUS

HAMILTON, BROWN & BABST, LLC,
ET AL

CIVIL ACTION

NO. 07-928-RET-SCR

consolidated with

PATRICK J. CUNNINGHAM, ET AL

VERSUS

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ET AL

CIVIL ACTION

NO. 08-52-RET-SCR

**RULING ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Before the court is Plaintiffs' Motion to Compel Discovery filed by Joseph W. Davenport, et al. Record document number 52. The motion is opposed.[1]

Plaintiffs filed this action claiming an interest in the attorneys' fees awarded in a nationwide class action against IBM, *Cunningham, et al. v. International Business Machines, et al.*[2] Plaintiffs in this action are the attorneys in a separate but

---

[1] Record document number 53.

[2] Plaintiffs in *Cunningham* sought damages resulting from IBM's cancellation of an education benefit promised to its employees. *Cunningham* was originally filed in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana, as Civ. Action No. 421-453. After settlement with the plaintiffs, the attorneys' fee aspect of the case was removed to this Court where it became CV 08-52-RET-SCR.

similar class action, *Kemp v. International Business Machines Corporation*, filed in Georgia.[3]  The *Cunningham* action was subsequently amended to add the *Kemp* plaintiffs. Defendants in this case are the *Cunningham* class counsel who received the award of attorneys' fees. Plaintiffs are seeking a determination of the appropriate allocation between the parties of the contingency bonus portion of the fees.[4]

Plaintiffs filed this motion to compel the defendants to provide full and complete responses to certain interrogatories and requests for production of documents. Plaintiffs initially argued that the defendants' response to Interrogatory No. 1 was incomplete. Interrogatory No. 1 asked the defendants to state whether there is a basis other than the established joint venture formula which must be used to calculate the amount due to the plaintiffs. Defendants stated in their response and their opposing memorandum that the joint venture formula did not apply.

Plaintiffs argued that the defendants' answer to Interrogatory No. 1 was insufficient because the defendants were asked to identify which calculation method they contend must be used if it is not the joint venture formula.

---

[3] This case was filed as Civil Action No. 94-12255-04 in the Superior Court of Cobb County, Georgia.

[4] The contingency bonus is the remaining balance of the awarded attorneys' fees after all the attorneys working on the class action were compensated for their billed time and out-of-pocket expenses.

Interrogatory No. 1 only requested a "yes" or "no" answer. It did not ask the defendants to identify any other calculation method. While the plaintiffs may have expected the defendants to identify any other method they believe should be used, the actual interrogatory did not call for any further response.

Defendants' initial response was insufficient insofar as they did not state - "yes" or "no" - whether they contend "there is a basis other than the established joint venture formula" to calculate the amount allegedly due to the plaintiffs. Defendants were not asked whether they contend that a joint venture existed. Plaintiffs assumed there was one, and then asked the defendants if some other method must be used to calculate the plaintiffs' share of the contingency bonus. But clearly, the parties vigorously dispute whether there was a joint venture.

In an interrogatory a party can ask "for an opinion or contention that relates to fact or the application of law to fact." Rule 33(a)(2), Fed.R.Civ.P. Interrogatory No. 1 assumes a fact - the existence of a joint venture between the plaintiffs and the defendants - and then ask whether a particular legal principle - the joint venture formula - applies. So understood, Interrogatory No. 1 becomes a question of what law applies, rather than a question about the application of established law to known or admitted facts. As noted in the Advisory Committee Notes to the 1970 Amendments to Subdivision (a), "Since interrogatories

involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer." This cautionary suggestion is applicable to Interrogatory No. 1. Therefore, the defendants are not required to supplement their answer to Interrogatory No. 1 at this time.

Plaintiffs contested the defendants' objections to Interrogatory Nos. 3 and 4 and the corresponding Requests for Production of Documents Nos. 3 and 4. These discovery requests sought information and/or documentation concerning distributions made by the defendants from the award of attorneys' fees received in the *Cunningham* action. Defendants argued that these requests did not seek information relevant to the present issues in the case. Defendants asserted that they are not required to disclose information concerning their assets and/or financial history prior to judgment. Plaintiffs argued that this information is relevant because it will assist them in determining whether other individuals, who were disbursed a portion of the funds, should be added as parties in this case. In the alternative, the plaintiffs argued that the information will help them decide whether to make notice of adverse claims to funds on deposit as provided in LSA-R.S. § 6:315.

Plaintiffs' are seeking a declaratory judgment which

appropriately apportions the award of attorneys' fees among the parties. The award of attorneys' fees was disbursed to the defendants by the state court. Plaintiffs were not granted a preliminary injunction against the defendants' subsequent distribution of this award.[5] At this point, the plaintiffs are only potentially entitled to an award of damages against the defendants, which would be owed by the defendants irrespective of how the defendants distributed the original award of attorneys' fees. Information concerning distributions made from the fee award is irrelevant since no additional parties need to be joined for the plaintiffs to fully recover.[6]

Plaintiffs have also failed to explain how information concerning the past distributions made from the fee award would assist in their decision to make an adverse claim under LSA-R.S. § 6:315, which sets forth a procedure to protect a deposit from subsequent distribution.[7] The case cited by the plaintiffs, *Hue-*

---

[5] Record document number 12.

[6] Plaintiffs have not explained how joinder of the persons to whom distributions were made by the defendants is needed for the plaintiffs to be accorded complete relief. *See* Rule 19(a)(1)(A), Fed.R.Civ.P.

[7] LSA-R.S. § 6:315(A) specifically provides:
Notice to any bank of an adverse claim, including an adverse claim of ownership of, right to control, or access to funds, to a deposit standing on the books of the bank to the credit of any person does not require the bank to recognize the adverse claimant unless the notice is given pursuant to either a restraining order,
(continued...)

5

*Mar, L.L.C. v. Freedomroads Operations Co., L.L.C., et al*,[8] is readily distinguishable from this case and does not establish the relevancy of the information requested.

With respect to Interrogatories Nos. 5 and 6, the plaintiffs argued that the defendants cannot provide an initial objection followed by an affirmative statement. Plaintiffs argued that the defendants should be required to clarify whether they are objecting or answering. Defendants' response method, providing an objection followed by a substantive answer, is a common practice which allows the respondent to preserve their objection if an issue subsequently arises with the answer. Plaintiffs did not contest the merits of the substantive answers, thus these responses are sufficient and require no additional clarification.

Interrogatory No. 7 sought the identification of any documents

---

[7](...continued)
injunction, or other appropriate process against the bank in an action instituted by the adverse claimant wherein the person to whose credit the deposit stands is made a party and served with summons, or the adverse claimant has executed to the bank, in form and with sureties acceptable to it, a bond indemnifying the bank against any liability, loss, damage, costs, and expenses on account of payment or of dishonor of the check or other order of the person to whose credit the deposit stands. However, this Section does not apply where the person to whose credit the deposit stands is a fiduciary for the adverse claimant, and the facts constituting this relationship, as well as the facts showing reasonable cause of belief on the part of the claimant that his fiduciary is about to misappropriate the deposit, are made to appear by the affidavit of the claimant.

[8] 2007 WL 2067592 (W.D. La. Jun. 19, 2007).

which support the defendants' explanation of how the plaintiffs were to be compensated for services in the class action. Defendants asserted that the interrogatory appeared to request identification of documents supporting the defendants' methodology, which is a legal question and is answered by reference to *Johnson v. Georgia Highway Express*[9] and its progeny.  Defendants also provided a list of all the documents that could be used to employ the *Johnson* factors.[10]

Defendants' response indicates that essentially all of their case documents would be relevant to determination of the amount of reasonable attorneys' fees (the lodestar fee) and application of the *Johnson* factors.  Defendants previously made all of these documents available to the plaintiffs.[11]  A further response is not required.

In Interrogatory No. 8, the defendants were asked to identify any discussions they had with the plaintiffs concerning how the plaintiffs were to be compensated in the *Cunningham* case, specifically listing the date of the discussion, the participants, other persons who overheard the conversations, and the substance of

---

[9] 488 F.2d 714 (5th Cir. 1974)

[10] Defendants maintained that mainly all non-privileged documents in the case file evidence the work performed by the attorneys and therefore would assist in applying the *Johnson* factors.

[11] See record document number

those conversations.  In its response, the defendants acknowledged that the parties discussed various arrangements for fee sharing and assigned a base hourly rate fee, but only provided generalized dates and details concerning the substance of the discussions. Defendants also referred to certain emails but failed to reproduce them or state the specific location of these email in documents previously produced, *e.g.* Bates number.

Defendants are required to provide a more detailed response which includes the date, substance, participants, and witnesses of each recalled discussion.  If the defendants intend to rely of certain emails to respond to this discovery request, they are required to identify with specificity the email and it location or reproduce the email in their supplemental response.[12]

Interrogatory No. 10 asked the defendants to confirm from the number of members of the settling *Cunningham* class that resided in the states and District of Columbia who were initially pled as class members' in *Kemp* and were added to *Cunningham* by amendment in August 2001.  Defendants objected to the interrogatory based on relevancy and then acknowledged that the number listed by the plaintiffs - 28,046 - was "approximately correct."

---

[12] Rule 33(b)(2)(E)(ii) and (iii)  provide that if a document production request "does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms," but "need not produce the same electronically stored information in more than one form."

8

The information requested is potentially relevant to the plaintiffs' claims since it is indicative of work performed by the plaintiffs and establishes the percentage of the class that was originally the represented by the plaintiffs.  The court understands the defendants to agree that the figure may change, but they should be able to state with specificity how many *Kemp* case class members joined the *Cunningham* class in August 2001. Defendants are required to confirm a specific number, with the acknowledgment that the settlement proceedings may change this number in the future.  If they cannot do so, an explanation is required.

Plaintiffs sought an order to compel the defendants to respond to Request for Production Nos. 1 and 2.  The documents requested are the pleadings in the *Cunningham* case, and all motions and supporting briefs for class certification filed in the *Cunningham* case.

These documents are equally accessible to both sides from the state court record.  Plaintiffs did not explain in their motion why the defendants should be ordered to produce documents which are available to the plaintiffs as part of the state court case record. Also, the defendants offered the plaintiffs access to their entire non-privileged case file for inspection, which probably will have copies of most, if not all, of the pertinent state court case documents.  Thus, there is no justifiable reason to require the

9

defendants to reproduce such documents.

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, the court shall allocate the costs necessitated by the motion between the parties. Although the plaintiffs were successful with a couple of their requests, the majority of their motion was denied. Consequently, the parties shall bear their respective costs incurred in connection with this motion.

Accordingly, the Plaintiffs' Motion to Compel Discovery filed by Joseph W. Davenport, et al. is granted in part and denied in part. Within ten days, and without objections, the defendants shall supplement their responses to the plaintiffs' Interrogatory Nos. 8 and 10. In all other respects, the plaintiffs' motion is denied. Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, November 24, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE