UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH W. DAVENPORT, ET AL

VERSUS

HAMILTON, BROWN & BABST, LLC,
ET AL

CIVIL ACTION

NO. 07-928-RET-SCR

consolidated with

PATRICK J. CUNNINGHAM, ET AL

VERSUS

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ET AL

CIVIL ACTION

NO. 08-52-RET-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel Discovery filed by defendants Hamilton, Brown & Babst, L.L.C., et al. Record document number 49. The motion is opposed.[1]

Plaintiffs filed this action seeking an interest in attorneys' fees awarded in a nationwide class action against IBM, *Cunningham, et al. v. International Business Machines, et al.*,[2] for damages resulting from IBM's cancellation of an education benefit promised

---

[1] Record document number 54.

[2] Plaintiffs in *Cunningham* sought damages resulting from IBM's cancellation of an education benefit promised to its employees. *Cunningham* was originally filed in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana, as Civ. Action No. 421-453. After settlement with the plaintiffs, the attorneys' fee aspect of the case was removed to this Court where it became CV 08-52-RET-SCR.

to its employees.  Plaintiffs in this action are attorneys who were enrolled as counsel in a separate but similar class action, *Kemp v. International Business Machines Corporation*, filed in Georgia.[3] The *Cunningham* action was subsequently amended to join the *Kemp* plaintiffs.  Defendants in this case were the class counsel appointed in the *Cunningham* case and received the attorneys' fees award.  Plaintiffs are seeking a determination of the appropriate allocation between the parties of the contingency bonus portion of the fees.[4]

Defendants filed this motion to compel the plaintiffs to provide sufficient responses to Requests for Production Nos. 4 and 6.[5]  Generally, these requests sought documents evidencing discussions and/or agreements between any of the parties, as well as among the plaintiffs, which related to payment for services rendered in connection with the prosecution or settlement of either the *Kemp* or *Cunningham* class actions.  In their responses, the plaintiffs stated that the documents requested had already been

---

[3] This case was filed as Civil Action No. 94-12255-04 in the Superior Court of Cobb County, Georgia.

[4] The contingency bonus is the remaining balance of the awarded attorneys' fees after all the attorneys working on the class action were compensated for their billed time and out-of-pocket expenses.

[5] Defendants' motion reserved the right to contest the plaintiffs' responses to Request for Production Nos. 1, 2, 3, and 5 pending supplementation and access to files for inspection and copying.  At this time, the defendants have not indicated that any deficiency still exists with these responses.

produced in response to Request for Production No. 1.[6]  Plaintiffs noted that the defendants also have the opportunity to inspect all non-privileged documents in the plaintiffs' possession that pertain to this request.[7]

Defendants argued that the plaintiffs failed to produce documentation of discussions and agreements exchanged among the individual plaintiffs concerning the division of fees among themselves.  Defendants argued that these documents are relevant to the plaintiffs' joint venture theory.

A review of the plaintiff's discovery responses and the parties' arguments supports the conclusion that the plaintiffs' responses to Request for Production Nos. 4 and 6 are not sufficient.

The scope of discovery is defined in Rule 26(b)(1), Fed.R.Civ.P., as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[6] Request for Production No. 1 sought documents which support the plaintiffs' entitlement to any amounts of the award of attorneys' fees.  Presumably, the plaintiffs' production includes any documents which supports their joint venture theory.

[7] Plaintiffs also argued that any documents concerning the division of fees exchanged between the plaintiffs and the defendants after this action was instituted were communications made in an effort to settle this action, and are therefore inadmissible.  It does not appear from the defendants' supporting memorandum that the defendants are seeking to compel documents involved in settlement discussion, particularly since such documents should already be in their possession.  A determination of admissibility at trial is deferred until such issues arise.

3

defense...”

Relevancy is defined in Rule 401, Fed.R.Evid., as follows: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The additional documents being sought by the defendants, i.e. documents exchanged among the plaintiffs concerning the division of the fees paid to them as a group, are not relevant in determining whether a joint venture existed between the parties.  The information contained in such documents would have little or no value in establishing whether there was a mutual intent between the plaintiffs, as a group, and the defendants, as a group, to become joint venturers.  But this conclusion is not a complete response to the defendants' argument.

Defendants argued that the requested documents may demonstrate a lack of discussion among the plaintiffs about a joint venture. Plaintiffs have already been asked to produce all documents which support their claim to a share of the *Cunningham* case attorneys' fee.  Therefore, any document not produced does not support their claim to a share of the fee, whether on a joint venture basis or otherwise.  But this conclusion does not mean that any document not produced does not **undercut** the plaintiffs' joint venture theory. Documents exchanged among the plaintiffs which discuss, mention or

4

relate to recovery of attorneys' fees on a joint venture basis are relevant since they would be make the plaintiff's joint venture theory "more probable **or** less probable." If no such documents were exchanged among the plaintiffs, then the defendants must state that fact.

Defendants have establish that some of the additional documents sought in response to Request for Production Nos. 4 and 6, if they exist, are relevant and discoverable. Plaintiffs will be required to supplement their responses to these two document production requests to provide documents exchanged among the plaintiffs which discuss, mention or relate to recovery of attorneys' fees on a joint venture basis. If there are none the plaintiffs are required to state that fact.

Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs incurred in connection with this motion.

Accordingly, the Motion to Compel Discovery filed by defendants Hamilton, Brown & Babst, L.L.C., et al. is granted in part. Within ten day, and without objections, the plaintiffs shall supplement their responses to the defendants' Request for Production Nos. 4 and 6 by providing, or making available for inspection and copying, documents exchanged among the plaintiffs which discuss, mention or relate to recovery of attorneys' fees in the *Cunningham* case on a joint venture basis. If no such documents were exchanged among the plaintiffs, then the defendants must state

that fact.  In all other respects, the defendants' motion is denied.  Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs incurred in connection with this motion

Baton Rouge, Louisiana, November 25, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE