UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH W. DAVENPORT, ET AL

VERSUS

HAMILTON, BROWN & BABST, LLC,
ET AL

CIVIL ACTION

NO. 07-928-BAJ-SCR

consolidated with

PATRICK J. CUNNINGHAM, ET AL

VERSUS

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ET AL

CIVIL ACTION

NO. 08-52-BAJ-SCR

**ORDER ON SEPARATE MOTION TO REPLEAD**

Before the Court is the plaintiffs' separate Motion to Replead. Record document number 76. The motion is opposed by defendants Hamilton, Brown & Babst, LLC, Lowe, Stein, Hoffman, Allweiss & Hauver, LLP, and Lamothe & Hamilton, PLC.[1]

Plaintiffs Joseph W. Davenport, Jerry A. Landers and the Hull Barrett law firm moved to replead, i.e. to file an amended complaint "with more detailed allegations" to join as defendants Charles E. Hamilton, III, Galen S. Brown and Michael R. Allweiss.[2]

---

[1] Record document number 130.

[2] Record document number 76, p. 5.  Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiffs are citizens of Alabama and Georgia. Joining Hamilton, Brown and Alweiss will not affect diversity jurisdiction.

Their earlier Renewed Motion to Allow a Second Amendment to the Complaint to Add Additional Parties Defendants was denied and that ruling was upheld by the district judge.[3]  Defendants objected to the Motion to Replead on the ground that because the plaintiffs only have an unadjudicated interest in a share of the attorney's fees arising from the underlying class action their conversion claim must fail.  This is essentially the same argument that the defendants made in their Motion for Partial Summary Judgment Concerning Conversion Claim.[4]  That argument was apparently unpersuasive and motion was denied.[5]  Defendants also argued, without citation to any particular authority, that the proper defendants, if any, are the law firms and not the individual attorneys in them.

In these circumstances, the best course is to allow the plaintiffs to submit their proposed amended complaint as though it had been initially submitted with their separate Motion to Replead. Then the Court can determine whether they should be allowed to file it.

Therefore;

IT IS ORDERED that the plaintiffs shall have until November

---

[3] Record document number 74, Ruling on Renewed Motion to Amend Complaint; record document number 127, Ruling.

[4] Record document number 85.

[5] Record document number 131, Ruling, pp. 10-12.

26, 2010 to supplement their separate Motion to Replead by providing the Court with their proposed Second Amendment to the Complaint.

Baton Rouge, Louisiana, November 16, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE